# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JEROME HASSAN MACKEY, | : | |
| | | Case No. 3:08cv00261 |
| Petitioner, | : | Case No. 3:04cr0096 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | | |

## REPORT AND RECOMMENDATIONS[1]

Petitioner, a federal prisoner, brings this motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. # 74). The United States has filed an answer opposing Petitioner's motion (Doc. # 78) and Petitioner has filed a Reply (Doc. # 79). Petitioner pleads the following ground for relief:

> INEFFECTIVE ASSISTANCE OF COUNSEL DURING THE PRETRIAL MOTION PROCEEDINGS. (Doc. # 74).

## I. PROCEDURAL HISTORY

On June 23, 2004, the grand jury returned a two-count indictment against Petitioner, charging in Count 1, Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and in Count 2, Possession of

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Marijuana with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D). (Doc. # 10). A jury trial commenced on May 16, 2005, and concluded on May 23, 2005, with the jury returning verdicts of guilty on both Count 1 and Count 2. (Tr. Vol. I at 1; Tr. Vol. V at 113-17). On September 2, 2005, the district court sentenced Petitioner to 168 months imprisonment, as follows: 120 months imprisonment on Count 1 and 48 months imprisonment on Count 2, to run consecutively.(Doc. #. 57: Minute Entry; Doc. # 58: Judgment; Sentencing Tr. at 15-18). Petitioner filed a Notice of Appeal on September 23, 2005. (Doc. # 60: Notice of Appeal) and raised three grounds in his appeal: insufficiency of the evidence, evidentiary error with respect to certain photographs and recalling of witnesses, and cumulative trial errors. (Doc. # 72). The Court of Appeals rejected Petitioner's claims and affirmed the judgment. (Id.). Petitioner thereafter filed the instant motion. (Doc. # 74).

## II. ANALYSIS

### A. General Principles

A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F. 3d 491, 496-497 (6th Cir. 2003). To obtain relief under 28 U.S.C. § 2255, a defendant must establish the denial of a substantive right or defect in the trial that is inconsistent with the rudimentary demands of fair procedure. *United States v. Timmreck,* 441 U.S. 780, 99 S. Ct. 2085 (1979). Apart from constitutional error, the

question is "whether the claimed error was a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Davis v. United States,* 417 U.S. 333, 346, 94 S. Ct. 468 (1974), quoting *Hill v. United States,* 368 U.S. 424, 428-429, 82 S. Ct. 468 (1962).

B. **Ineffective Assistance of Counsel**

An ineffective assistance of counsel claim may be brought in a § 2255 even if the issue could have been raised on appeal. *Massaro v. United States,* 538 U.S. 500; 123 S. Ct. 1690 (2003).

A Petitioner must prove two elements to establish ineffective assistance of counsel: the attorney's performance was deficient, and the deficiency prejudiced him. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052 (1984). To satisfy the first prong, a defendant must show his counsel made errors so serious he was not functioning as "counsel" guaranteed by the Sixth Amendment. *Id.* With respect to the first prong of the *Strickland* test, the Supreme Court has stated:

> Judicial scrutiny of counsel's performance must be highly deferential. ... A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

To satisfy the second prong, he must show "that there [was] a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different." *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* Counsel's tactical decisions are particularly difficult to attack under the *Strickland* standard. *O'Hara v. Wiggington*, 24 F. 3d 823, 828 (6th Cir. 1994). As the Sixth Circuit has noted, strategic choices made by defense counsel are very difficult to challenge. *Buell v. Mitchell*, 274 F. 3d 337, 359(6th Cir. 2001).

Petitioner asserts that his counsel was ineffective due to her failure to file a motion to suppress. Petitioner correctly observes that the failure to file a motion to supress, in certain instances, may support a claim of ineffective assistance. *Kimmelman v. Morrison*, 477 U.S. 365, 106 S. Ct. 2574 (1986). Petitioner contends that if his counsel had challenged the timeliness of the execution of the state issued search warrant, the evidence seized would have been suppressed. (Doc. # 74).

The Government convincingly responds that the search warrant was executed within three business days as required by state law; Rule 41 of the Federal Rules of Criminal Procedure allows for 10 days for execution of a search warrant; and Petitioner's theory of defense at trial argued he was merely present to purchase drugs for personal use and therefore he would not be in a position to establish standing to object to the search.(Doc. # 78 at 1-2).

The search warrant at issue is dated May 20, 2004 and was executed on May 25, 2004.[2] Petitioner's argument that the warrant is invalid because it was not executed within

---

[2] This Court may take judicial notice that May 20, 2004 and May 25, 2004 fell on a Thursday and Tuesday, respectively. Rule 201 of the Federal Rules of Evidence.

three days fails to consider that under Ohio law, neither the initial day nor Saturdays and Sundays are included in the calculation. Rule 45(a) of the Ohio Rules of Criminal Procedure. Moreover, seized evidence which is used in a federal prosecution must comply with the requirements of the Fourth Amendment to the United States Constitution, not Ohio Criminal Rule 41. *United States v. Richmond*, 694 F. Supp. 1310 (1988). Finally, counsel's strategic decision to argue that Petitioner was merely a customer and not part of the drug trafficking rendered any challenge to the search warrant futile due to lack of standing.

Thus, Petitioner's claim that his counsel rendered ineffective assistance is without merit. Petitioner's § 2255 petition is therefore not well taken and should be denied with prejudice. Reasonable jurists would not disagree with the foregoing analysis. Thus, Petitioner should also be denied both a certificate of appealability and leave to proceed *in forma pauperis*.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Jerome Hassan Mackey's Petition to Vacate Sentence (Doc. # 74) be DENIED and DISMISSED with prejudice;

2. A certificate of appealability under 28 U.S.C. §2253(c) not issue; and

3. The case be terminated on the docket of this Court.

September 16, 2009

    s/Sharon L. Ovington
    Sharon L. Ovington
    United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).