# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,               :

     Plaintiff,                       :

                                         Case No. 3:04cr00096

vs.                                     :

                                         District Judge Walter Herbert Rice

JEROME HASSAN MACKEY,                    :       Magistrate Judge Sharon L. Ovington

     Defendant.                       :

---

## REPORT AND RECOMMENDATIONS[1]

---

On September 22, 2005, this Court entered a criminal Judgment against Defendant Jerome Hassan Mackey pursuant to his two convictions: being a felon in possession of a firearm and possession of marijuana with intent to distribute. His sentence included consecutive terms of imprisonment lasting 14 years on his first conviction and 4 years on his second conviction.

Mackey, through counsel, filed a direct appeal challenging his convictions but not his sentence. His convictions were affirmed on appeal in late 2007. In July 2008, Mackey filed a pro se Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. §2255, arguing that his trial counsel provided constitutionally ineffective assistance.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Again he did not challenge his sentence. In March 2010, this Court denied his §2255 Motion as meritless.

This case is presently pending upon Mackey's pro se Motion for Leave of Court to File for Reconsideration of this Court's Denial of [his] Pro Se Motion to Vacate Judgment (Doc. #85) and the record as a whole. Mackey contends the calculation of his sentence violated his rights under the Due Process Clause because this Court improperly relied on prior void state convictions entered in the Court of Common Pleas, Montgomery County, Ohio.

Before reaching the merits of Mackey's constitutional claim, it should be noted that his present Motion is incorrectly captioned as if he intended to file it in the "Court of Common Pleas Montgomery County, Ohio," rather than in this Court. (Doc. #85, PageID at 1308). But this is a superficial problem in this instance when the substance of his Motion challenges the "federal sentencing calculation" and seeks an Order discharging him from his state and federal sentences. *Id.*, PageID at 1309.

Construing Mackey's Motion in his favor, he asserts that three of his previous Ohio criminal cases resulted in convictions that are void ab initio. This problem occurred, he maintains, because the trial court neglected to notify him at the time of sentencing that his sentence to post-release control would under certain circumstances result in additional punishment.[2]

---

[2] Those cases were brought in the Montgomery County, Ohio Court of Common Pleas under case numbers 1999-CR-3043, 2001-CR-170, and 2001-CR-264. (Doc. #85, PageID at 1308). Public records

2

Mackey did not previously raise his present arguments during sentencing in this case or on direct appeal or in his §2255 Motion. This might be because the post-release-control-notification problem in his three prior state cases did not come to light until February 15, 2013. On that date, Common Pleas Court Judge Barbara P. Gorman "sustained in part and overruled in part" Mackey's Motion to Vacate Judgment filed in his prior three state cases.[3] *See* Appendix 1 (attached hereto). Judge Gorman explained:

> Defendant [Mackey] moves this Court to vacate his convictions ... because the related termination entries state that Defendant "may/will" serve a period of post-release control and fail to indicate how many years of post-release control he would have to serve. The State acknowledges that such entries, as they relate to post-release control, are improper.

> In *State v. Fisher*, 2010 Ohio 6238 [128 Ohio St.3d 92], the Ohio Supreme Court held that a criminal sentence with an erroneous or omitted provision for post-release control is only partially void and that only the provision relating to post-release control should be vacated. Accordingly, the Court VACATES in part Defendant's sentences only as they relate to post-release control. Defendant's motion is DENIED in all other respects relating to the offenses for which he was convicted and the sentences imposed.

> Further, because Defendant was released from prison prior to his request to vacate his sentence and because Defendant never actually served a term of post-release control, no further action is required by this Court or

---

available from the Clerk of the Common Pleas Court reveal that Mackey was convicted and sentenced in those prior on the following charges: carrying a concealed weapon, loaded/ready at hand (offense date: September 5, 1999); assault, possession of cocaine, and carrying a concealed weapon (offense date: January 15, 2001); and felonious assault with a deadly weapon (offense date: January 1, 2001).

[3] The information in the public record of Mackey's prior state cases is not subject to reasonable dispute because it is capable of accurate and ready determination and because its accuracy cannot be reasonably questioned. This Report therefore takes judicial notice of the information in those public records. *See* Fed. R. Evid. 201; *see also Indiana State Dist Council of Laborers v. OmniCare, Inc.*, 583 F.3d 935, 942 (6th Cir. 2009).

the State.

*Id.* (capitalization in original).

In the present case, Mackey reads too much into Judge Gorman's decision. Judge Gorman did not find his criminal <u>convictions</u> void or void *ab initio*. Nor are they under the case she cites, *State v. Fischer*, which provides, "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that part of the sentence is void and must be set aside." *Fischer*, 128 Ohio St.3d at 99. When an Ohio "appellate court concludes that a sentence imposed by a trial court is in part void, only the portion that is void may be vacated or otherwise amended.... The new sentencing hearing to which an offender is entitled ... is limited to proper imposition of postrelease control." *Id.*, 128 Ohio St.3d at 99. Judge Gorman thus correctly focused on Mackey's sentence to post-release control consistent with *Fischer* and did not find his underlying convictions void due to the problems in the post-release control aspect of his sentence. As a result, his prior state convictions remain valid, not void, under Judge Gorman's Decision.

Mackey disagrees. He contends that a convicted Ohio criminal defendant is "discharged" when the trial court fails to properly impose post-release control and the defendant has completed his sentence. "Discharged," to Mackey, means "the conviction is vacated and the defendant cannot be retried nor re-sentenced." (Doc. #85, PageID at 1308-09). In support, Mackey relies on Ohio case law, namely, *State v. Whitfield*, 124 Ohio St.3d 319 (2010); *State v. Bloomer*, 122 Ohio St.3d 200 (2009); *State v. Simpkins*,

4

117 Ohio St.3d 420 (2008); and *State v. Jordan*, 104 Ohio St.3d 21 (2004).[4] But, these cases fail to support his contention that his prior state convictions were void, void *ab initio*, complete nullities, irregular, invalid, or unconstitutional. Instead, these cases focus only on the <u>sentences</u> at issue, not the underlying convictions. Any lingering doubt about this, and there is none, is extinguished by the United States Court of Appeals for the Sixth Circuit:

> [T]he Ohio Supreme Court recently clarified that a failure to provide the required notice results only in invalidation of the improperly imposed term of post-release control, not the entire sentence (much less the underlying conviction). *State v. Fischer*, 128 Ohio St.3d 92, 942 N.E.2d 332 (2010). And even if the Ohio Supreme Court had not eliminated the basis for Coleman's [and Mackey's] claim, he would not be permitted to attack his state conviction collaterally in a federal sentencing proceeding. *See United States v. Aguilar–Diaz*, 626 F.3d 265, 269-71 (6th Cir. 2010) (applying *Custis v. United States*, 511 U.S. 485, 496 (1994)).

*United States v. Coleman*, 655 F.3d 480, 485, 2011 WL 3687870 (6th Cir. 2011).

Another case Mackey cites, *State v. Clark*, 119 Ohio St.3d 239 (2008), is distinguished from the instant case because it involved a life sentence and the trial judge's incorrect explanation that post-release control applied, when it did not.[5] Judge Gorman did not commit this error in Mackey's case. Under his convictions, he was not subject to the possibility that he would serve a life sentence plus lifetime parole, in the event of his

---

[4] Each of these cases has been superceded by statute, Ohio Rev. Code §2929.191, as indicated in *State v. Singleton*, 124 Ohio St.3d 173, 179 (2009). Neither §2929.191 nor S*ingleton* alters the analysis of Mackey's meritless challenges to his state convictions.

[5] *Clark* should have been informed that in addition to lifetime incarceration, he faced lifetime parole (not post-release control), in the event he was released.

5

release.  Further, unlike the sentence in *Clark*, the problems with Mackey's state sentence did not effect the validity of his convictions, only the validity of that part of his sentence concerning post-release control.  *Coleman*, 655 F.3d at 485; *see Fischer*, 128 Ohio St.3d 92.  And, as noted above, he is not permitted to collaterally attack in this Court his prior state sentence.  *Coleman*, 655 F.3d at 485 (citing *Custis*, 511 U.S. at 496).

Lastly, Mackey argues that his federal sentence violates his rights under the Due Process Clause by relying on void state criminal convictions and correction of his federal sentence is needed to stop a fundamental miscarriage of justice.  Because Mackey's premise – that his state convictions are void – is wholly meritless, his due-process and miscarriage-of-justice contentions likewise lack merit.

### IT IS THEREFORE RECOMMENDED THAT:

1.  Mackey's Motion for Leave of Court to File for Reconsideration of this Court's Denial of [his] Pro Se Motion to Vacate Judgment (Doc. #85) be GRANTED to the extent this Report reconsiders the denial of his §2255 Motion but be otherwise DENIED as meritless; and

2.  The case remain terminated on the docket of this Court.

November 20, 2014

        s/Sharon L. Ovington
        Sharon L. Ovington
        Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

7





2013 FEB 15 AM 10: 55

CLERK OF COURTS
MONTGOMERY CO. OHIO

**IN THE COMMON PLEAS COURT OF MONTGOMERY COUNTY**
**CRIMINAL DIVISION**

STATE OF OHIO,                    :    CASE NO. 1999 CR 3043
                                  :                2001 CR 170
        Plaintiff,                :                2001 CR 264
                                  :
v.                                :    (Judge Barbara P. Gorman)
                                  :
JEROME HASSAN MACKEY,             :
                                  :
        Defendant.                :    **DECISION, ORDER AND ENTRY**
                                  :    **SUSTAINING IN PART AND OVERRULING**
                                       **IN PART DEFENDANT'S MOTION TO**
                                       **VACATE JUDGMENT**

---

Defendant moves this Court to vacate his convictions in the above-captioned matters because the related termination entries state that Defendant "will/ may" serve a period of post-release control and fail to indicate how many years of post-release control he would have to serve. The State acknowledges that such entries, as they relate to post-release control, are improper.

In *State v. Fischer*, 2010 Ohio 6238, the Ohio Supreme Court held that a criminal sentence with an erroneous or omitted provision for post-release control is only partly void and that only the provision relating to post-release control should be vacated. Accordingly, the Court VACATES in part Defendant's sentences only as they relate to post-release control. Defendant's motion is DENIED in all other respects relating to the offenses for which he was convicted and the sentences imposed.

Further, because Defendant was released from prison prior to his request to vacate his sentence and because Defendant never actually served a term of post-release control, no further action is required by this Court or the State.

SO ORDERED:

BARBARA P. GORMAN, JUDGE

Copies of this Decision, Order and Entry were forwarded to all parties listed below by e-mail this filing date.

Andrew French

Jerome Hassan Mackey
644 Cambridge Ave.
Dayton, OH 45406

PHYLLIS TREAT, Bailiff          225-4392